Boynton, J.
Section 13 of the act of May 11,1878, relating to the listing and. taxation of property (75 Ohio L. 436), now section 2746 of the Revised Statutes, reads as follows : “ Personal property of every description, moneys and •credits, investments in bonds, stocks, joint stock companies, •or otherwise, shall be listed in the name of the person who was the owner thereof on the day preceding the second Monday of April in each year; but no person shall be required to list for taxation any share or shares of the capital stock of any company, the capital stock of which is taxed in the name of such company.”
Section 11 of the same act required the president, secretary, and principal accounting officer of every joint stock company, excepting banking, or other corporations whose taxation is specifically provided for, for whatever purpose created, and whether incorporated by any law of the state" or not, to list for taxation all its personal property, which, by the terms of the statute, was made to include all such real estate as was necessary to the daily operations of the company, and all its, moneys and credits within the state, at their actual value in money.
The Toledo and Wabash Elevator Company is incorporated under the laws of Ohio, and whether or not the property which it was thus required to list for taxation embraced its capital stock within the meaning of the statute, is the principal question arising upon the record.
That it did embrace it we entertain little doubt. The capital stock of a corporation consists of the money and *477 property subscribed and paid in for tbe purpose of carrying on its business operations. It constitutes a corporate fund, belonging to tbe corporate body. The ownership of a share of stock involves tbe right to participate in the dividends-declared from the profits-of the business, and upon the dissolution of the corporation to a proportionate share of the fund remaining after payment of the corporate debts. This interest or right, however, does not enable the shareholder to withdraw any portion of the capital stock of the corporation from its control, nor to exercise any authority over it, further than to participate, to the extent of his stock, in the election of a board of managers, charged with theconduet of the business for -which the corporation was-created.
The fund subscribed and paid in to carry out the purposes of the organization remains the capital stock of the-company as fully, within the meaning of the statute, after it has been converted into property necessary for its business operations, and for which it was subscribed, as before. Bank Tax case, 2 Wall. 208; Farrington v. Tennessee, 95 U. S. 686. Eor the purposes of taxation, the capital stock is represented by whatever it is invested in. Personal property, by the express wording of the statute, is made-to include the capital stock of a corporation; and the-provision above referred to requires all corporations -doing business in this state, except banking and others whose taxation is specifically provided for, to list all their personal property, including in the return thereof all such real estate as is necessary to the daily operation of their business, together with their moneys and credits of every description within the state. That the legislature-intended, by this description of property, to embrace the capital stock of the company is too obvious to be misunderstood. No other meaning can be drawn from the language employed, and no other construction is better calculated to do justice.
As was said by Mr. Justice Nelson, in the Bank Tax' case, above cited, referring to the capital stock of a national *478 bank: “ The capital is not an idle, fictitious, arbitrary sum of money, set down in the articles of association, but, in theory and practical operation of the system, is composed of substantial property, which gives value and solidity to the stock of the institution.”
It is, however, contended by counsel for the plaintiff' in error, that, inasmuch as the statute requires the shares of •stock in incorporated banks to be taxed in the name of the bank, and does not require the shares of stock in any other •company to be taxed in the name of the company, it conclusively follows that shares of stock in incorporated companies, not engaged in banking, are to be taxed in the name •of the owner.
Whether or not bank shares are to be taxed in the name of the banks, I shall not stop to consider, as it is quite obvious, that, as respects corporations of the character of the elevator company, the name in which the shares of stock arc to be listed and taxed is definitely ascertained by the •statute.
Except in cases where the capital stock is taxed in the name of the corporation, the shares are to be listed in the name of the person owning the same on the day preceding the second Monday of April in each year; but when the •capital stock is required to be returned for taxation in the name of the company, the owner of the shares is expressly relieved from the duty to list them.
To give effect to the claim of the plaintiff', the court would be required to hold that the owner of shares of stock is required by the statute to list them for taxation in all •cases where the corporation is not required to list its capital stock eo nomine. The result would be that the owner would be required to list his shares in all cases, as the statute nowhere requires the corporation to list its capital stock, except as'it is embraced within the description of the property it is required to return, and which description makes no mention of capital stock by name. The construction contended for would result in imputing to the legislature the folly of undertaking to create an exception which could have no *479 possible operation. But such, we think, is not the effect of the statute. The property which the elevator company was required tto return for taxation very dearly embraced its capital stock, and the action of the board of equalization, in adding $12,000 to the return of the defendant in error, was, therefore, wholly unauthorized.
The objection taken that a court of equity will not enjoin the levying of a tax on property illegally added to the return of a tax-payer is not well founded.
The statute (75 Ohio L. 778) provides that the courts of common pleas and superior courts shall have jurisdiction to enjoin the illegal levy of taxes and assessments, or the collection of either. The addition of an item of property to the return of the tax-payer, by a board of equalization, with a direction to the auditor to carry the same upon the duplicate, and to assess against it the fixed rate for state, county, and other purposes, does not of itself constitute the levy. Nor does the mere ascertainment of the rate of assessment by those whose duty it is to determine the rate to be levied. The process is not complete until the valuation of the property, with the sum to be charged against it, is carried upon the duplicate. The injunction in the present case preceded this action of the auditor, and wap, therefore, properly allowed.

Judgment affirmed.